IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DINEH BENALLY,
HARLIN BENALLY and
JAMES WARREN FLAMING EAGLE MOONEY,

      Plaintiffs,

v.                                                No. 1:24-cv-00778-JMR-KK

CLAY BAILEY and
EDEN M. SAYERS,

      Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT

Plaintiffs, who are proceeding *pro se*, filed a Complaint for Declaratory Judgment. *See* Doc. 1, filed August 2, 2024 ("Complaint"). Plaintiffs allege they have been "threatened with criminal prosecution for exercising their rights under their religious beliefs of living their sacred ways." Complaint at 4. Plaintiffs seek judgments declaring that the threatened criminal prosecution of Plaintiffs would violate their rights under the Constitution and the Religious Land Use and Institutionalized Persons Act. *See* Complaint at 2, 73-74. Defendant Clay Bailey is the "Superintendent New Mexico Regulation and Licensing Department, Cannabis Control Division." Complaint at 1. Defendant Eden M. Sayers is "Division Attorney Cannabis Control Division." Complaint at 1.

The Court orders Plaintiffs to file an amended complaint because the Complaint has the following deficiencies. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

It is difficult for the Court and Defendants to determine what material facts support Plaintiffs' claims because the Complaint contains 75 pages, has 260 footnotes and 87 pages of attachments. *See Lowrey v. Sandoval County Children Youth and Families Department*, 2023WL4560223 *2 (10th Cir. July 17, 2023) ("The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made.").

The Complaint does not describe the alleged threats of criminal prosecution, who made the threats, when they made the threats or how such criminal prosecution would violate Plaintiffs' rights. Much of the Complaint is legal argument. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

The Complaint does not set forth Plaintiffs' allegations in numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must

state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

Plaintiffs included several attachments to the Complaint which do not appear to form the basis of Plaintiffs' Complaint. *See* D.N.M.LR-Civ. 10.4 ("Exhibits are not attached to a pleading unless the documents attached form the basis for the action or defense"). Furthermore, several of the attachments to the Complaint are not legible. *See*, for example, Complaint at 77, 87-89, 91, 93-97, 103, 112-113, 133-138. Plaintiffs have not marked the portions of the exhibits they wish to bring to the Court's attention. *See* D.N.M.LR-Civ. 10.6 ("The portion of an exhibit the party wishes to bring to the Court's attention must be marked").

The Court orders Plaintiffs to file an amended complaint not exceeding 25 pages in length. The amended complaint must describe the alleged threats of criminal prosecution, who made the threats, when they made the threats and how such criminal prosecution would violate Plaintiffs' rights. The amended complaint may set forth statements addressing the factors listed in *Mhoon* quoted above but should not contain argument or legislative history/interpretation of statutory and case law. Plaintiffs may present such argument in briefs related to any motions filed later in this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Any documents attached to the amended complaint must form the basis for this case and must be marked identifying the portions of the attachment Plaintiffs wish to bring to the Court's attention. The Court may consider the documents attached to the Complaint and other documents at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become

3

familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint not exceeding 25 pages. Failure to timely file an amended complaint may result in dismissal of this case.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE